**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**TERRY LEE
ADC #120960**                                                                          **PLAINTIFF**

**v.**                                             **Case No. 4:24-cv-00555-KGB**

**SARAH HUCKABEE,** *et al.*                                             **DEFENDANTS**

## ORDER

Before the Court is the Recommended Disposition ("Recommendation") of United States Magistrate Judge Edie R. Ervin (Dkt. No. 10).  Plaintiff Terry Lee responded and objected to the Recommendation (Dkt. No. 11).  Also before the Court is Lee's motion for a status update (Dkt. No. 13).  After careful consideration of the Recommendation, the objections, and a *de novo* review of the record, the Court adopts the Recommendation and adopts it, in its entirety, as the Court's findings of fact and conclusions of law (Dkt. No. 10).  The Court grants Lee's motion for a status update and considers this Order a response to the request for a status update (Dkt. No. 13).

The Court writes to address Lee's objections (Dkt. No. 11).  The basis for dismissal in the Recommendation is that Lee is a three-striker under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g) ("PLRA"), and that he failed to satisfy the imminent danger exception under the statute (Dkt. No. 10).

First, Lee contends that the strikes should not count because he was not given leave to amend after the Court dismissed for failure to state a claim (*Id.*, at 4).  The Court is unconvinced that the cases do not count towards Lee's strike Count.  The cases Lee cites, *Grason v. Mayview State Hospital*, 293 F.3d 103 (3rd Cr. 2002), and *DuPree v. Doe*, 773 F.Supp.2d 477 (D. Del. 2011), do not stand for the proposition that a case cannot count as a strike if a plaintiff does not amend their complaint.  Instead, those out of circuit cases provide that, prior to dismissal for failure

to state a claim after screening under the PRLA, the court must permit the plaintiff leave to amend. However, there is no support for the proposition that a case does not count as a strike if it is not amended. Moreover, Lee cannot argue that he was entitled to amend his claims but that he was denied that opportunity because Lee did not seek leave to amend in his "strike" cases. *See Lee v. Cobbs*, Case No. 4:09-cv-0005-SWW (E.D. Ark. Jan 14, 2009); *Lee v. Femendo*, Case No. 4:09-cv-00006-JLH (E.D. Ark. Feb 3, 2009); *Lee v. Granger*, Case No. 2:17-cv-00200-JM (E.D. Ark. March 19, 2018).

Second, Lee argues that he meets the imminent danger exception to the three strike rule. However, after careful review of the pleadings and objections, the Court agrees with the Recommendation that Lee's allegations do not suffice. Lee's allegations about physical harm are backward looking and do not speak to imminent danger of physical injury. While Lee's allegations are concerning, they do not meet the PRLA's exception.

Accordingly, the Court adopts the Recommendation, in its entirety, as the Court's findings of fact and conclusions of law (Dkt. No. 10). Lee's complaint is dismissed without prejudice (Dkt. No. 1). The Court grants Lee's motion for a status update and considers this Order a response to the request for a status update (Dkt. No. 13). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Judgment would be frivolous and not taken in good faith.

It is so ordered this 19th day of March, 2026.

Kristine G. Baker
Chief United States District Judge

2